# Proprietors of the Meeting House of the First Baptist Society in Dunstable *v.* Hillsborough Mutual Fire Insurance Co.

A recital in a policy of fire insurance, of a prior insurance, and the amount, is a substantial compliance with the provision in the charter of the company, that double insurance must be with the consent of the directors, "signified by indorsement on the back of the policy, signed by the president and secretary.

The charter not requiring the particular company in which the double insurance is effected, or its term, to be specified, the amount being duly assented to, it may be renewed in the same company, or transferred to another, for the same amount, without further consent by the insurers.

ASSUMPSIT. On the 16th day of May, 1846, the defendants made with the plaintiffs a contract of insurance upon the plaintiffs' meeting house, for the sum of $3000, and for

the term of five years.  The policy recited that the building was then insured " in a company in Concord," for $2500. It also recited that the contract was made subject to all the liabilities, provisions and conditions mentioned in the defendants' act of incorporation.  By the 15th section of that act, it was provided " that if insurance on any house or building shall be and subsist in said company, and in any other office, or from and by any other person or persons, at the same time, the insurance made in said company shall be deemed and become void, unless such double insurance subsist with the consent of the directors, signified by indorsement on the back of the policy, signed by the president and secretary."

On the expiration of the term of the insurance in the Concord company, on the 17th day of May, 1848, the plaintiffs procured insurance in the Protection Insurance Company, of Hartford, Conn., for the same sum, $2500, for one year.  No assent of the directors of the Hillsborough company to this insurance was indorsed on the policy issued by them.  The insured building was burnt on the 13th day of October, 1848.  Due notice of the loss was given.  The defendants refused to pay it, and in their defence to the action, brought in the court of common pleas to recover it, relied upon the 15th section of their charter, recited above. A verdict for the defendants was taken by consent, on which judgment was to be entered, or which was to be set aside and a new trial granted, as the opinion of the court should be.

*Sawyer & Stevens,* for the plaintiffs.

*Atherton, Sawyer* and *Farley,* for the defendants.

WILCOX, J.  The policy issued by the defendants recites the double insurance, is signed by the president and secretary in the usual form, and was of course made with the

assent of the directors. The conditions of the 15th section of the defendants' charter are fulfilled, except that the assent of the directors is signified upon the *face* instead of the *back* of the policy. It is not alleged that the notice to the defendants was in any respect insufficient.

The language of the 15th section, as to the location of the directors' consent, is directory merely, and more particularly applicable to a case where the double insurance is effected subsequently to the issue of the policy. But as in this case it existed at the inception of the policy, it was properly noticed in the instrument itself. In *Liscom & al.* v. *Mass. M. F. I. Co.*, 9 Met. 205, where a by-law of the company required prior insurance to be expressed in their policy at the time it was issued, it was held that an entry in the margin was a substantial compliance. Here, the double insurance was consented to by the directors, by their consent to the policy reciting it, and that consent was manifested by the signatures of the proper officers to the policy.

The provisions of the 15th section, then, were in this particular substantially complied with.

The object of such provisions, very usually made in policies of fire insurance, is to prevent so great an amount of insurance being effected as to make it for the interest of the owner of the property to have it burned, or as to exceed the stipulated proportion of the insurance to the value of the property. It is not to this end requisite that the particular company making the double insurance, its date, or term of continuance, should be specified.

The terms of the defendants' charter do not require such particularity, and so they appear to have supposed, for their policy only states an insurance " in a company in Concord," without particularizing by what company, in what Concord, or for what term. Those words might have been omitted, and the consent of the directors to the double insurance still have been sufficient. The requirements of the charter were answered, if the amount of the double insurance, sub-

DECEMBER TERM, 1849. 583

First Baptist Society in Dunstable *v.* Hillsborough M. F. I. Co.

sisting during the continuance of the policy, was with the consent of the directors, properly attested.

An immaterial inaccuracy in the terms of such a notice or consent does not vitiate it. In *Liscom* v. *Boston M. F. I. Co.*, cited above, a by-law of the company provided that "all policies which may issue from this company to cover property previously insured, shall be void, unless such previous insurance be expressed in the policy, at the time it issues." The amount of prior. insurance was overstated in the policy, which was held not to invalidate it, the reasoning being that though an understatement of the amount might mislead, an overstatement could have been no inducement to the insurers to assume a greater risk than they would otherwise have done. The general principle laid down in that case is peculiarly applicable to the present. The court say : " The by-law does not prescribe the terms of such notice, nor how much of the previous contract shall be inserted. A literal recital of the terms of the prior contract is not required, but such a notice of the nature and amount of the insurance as will give the necessary information to the party from whom a subsequent insurance is sought." And in *Jackson* v. *Mass. M. F. I. Co.*, 23 Pick. 418, where, by the terms of the defendants' policy, it was to be invalidated by a subsequent insurance, without their assent, it was held, even, that the subsequent insurance, in order to avail the defendants, must be valid and legal; and it being in that case invalid, from want of notice of the prior insurance effected with the defendants, it did not affect that contract.

The defendants' contract must be considered to be for an insurance for five years, with a double insurance to the amount of $2500, to subsist during the whole term. The plaintiffs might have renewed their insurance with the same company at Concord, without affecting their policy, and without further consent; the facts to which the defendants had already consented, continuing then to exist in every

particular.   But the words, " in a company in Concord," are descriptive merely.   They form no part of, nor can they affect, the real contract between the parties; they cannot be construed, as one of its conditions, to preclude, by their own force, the plaintiffs from insuring in any other company.   It was unimportant to the defendants in what company the other insurance was effected.   The insurers' contract is in no respect affected, or the risk increased, by conceding this latitude of choice to the insured.

If they be considered part of the notice to the defendants, they were, as has been already said, unnecessary; notice of a fact immaterial under the provisions of the 15th section; and when the plaintiffs insured in the Protection office instead, that fact was equally immaterial.

The consent, then, of the directors to the double insurance being properly attested, and their consent to the particular company making it not being required by the provisions of the 15th section of the charter, that can be no bar to the plaintiffs' action.   The verdict must be set aside, and a

*New trial granted.*